IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEVEN IVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:07-00480 (EGS) |
| | ) | |
| U.S. DEPARTMENT OF THE TREASURY, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S MOTION TO DISMISS

DEFENDANT, the Department of Treasury, moves under Fed. R. Civ. P. 12(b), to dismiss plaintiff's complaint.

As grounds for this motion, defendant submits that this Court lacks subject matter jurisdiction over the complaint.  Defendant further submits that this action is barred by *res judicata*.   A memorandum of points and authorities  in support of this motion and a proposed order are submitted herewith.

//

//

//

//

//

//

//

2477428.1

DATED:        May 24, 2007

                              Respectfully submitted,

                              /s/ Brittney N. Campbell
                              BRITTNEY N. CAMPBELL
                              Trial Attorney, Tax Division
                              United States Department of Justice
                              Post Office Box 227
                              Ben Franklin Station
                              Washington, DC 20044
                              Telephone: (202) 353-2260
                              Facsimile: (202) 514-6866

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

2477428.1

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing Motion for Summary

Judgment has been made this 24th day of May, 2007, by mailing, postage prepaid,

addressed to:

        Steven Ivey
        Ste. #278 Skyview Place
        7611 S. Orange Blossom Trail
        Orlando, FL 32809

        /s/ Brittney Campbell
_____Brittney Campbell

2477428.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEVEN IVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:07-00480 (EGS) |
| | ) | |
| U.S. DEPARTMENT OF THE TREASURY, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Plaintiff brings this action under the Privacy Act (5 U.S.C. § 552a) for alleged

violations pursuant to 5 U.S.C. §552a(g)(1)(B) and (D).[1]

**STATEMENT**

On March 14, 2007, plaintiff filed this suit against the "U.S. Department of the

Treasury, et al." seeking damages for alleged violations of the Privacy Act pursuant to 5

U.S.C. § 552a. (Compl. ¶ "Request of the Court."). [2]  Plaintiff's complaint seems to allege

three violations of the Privacy Act.  The first alleged violation relates to an e-mail

purportedly sent to Linda Ferguson, Karen Truss and Brent Brown from Robert Hall,

Section Chief of the Internal Revenue Service's Data Conversion Branch.[3] Plaintiff

---

[1]Plaintiff also references the Freedom of Information Act (FOIA) and F.R.Civ.P.
Rule 8; however, plaintiff makes no allegations in his complaint with respect to either
the FOIA or Rule 8.

[2]It cannot be ascertained from the body of the complaint what defendant is
indicating by "et al."

[3]This e-mail is attached to plaintiff's complaint as <u>Exhibit A</u>.

appears to allege that the defendant's "use" of this document without "verification" is a violation of the Privacy Act. (Compl. ¶I.)  The second alleged violation relates to a document dated March 5, 2001, addressed to Steve Ivey and signed by Robert Hall. (Compl. ¶ II.)  This document appears to relate to the termination of plaintiff's employment with the Internal Revenue Service.[4]  Plaintiff alleges that this document contained his social security number and that the document was "viewed by the NTEU improperly and without the plaintiff's consent" and is, therefore, a violation of the Privacy Act. (Id.)  The third alleged violation relates to an e-mail string that appears to have originated on March 31, 2001, and concluded on April 2, 2001. (Compl. ¶III.)  This e-mail also appears to be related to the termination of plaintiff's employment with the Internal Revenue Service.[5]  Plaintiff appears to allege that defendant's "use of the documentation of Susan Karimi that has not been verified" was a violation of the Privacy Act. (Id.)

## ARGUMENT

### I.

### THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS

This Court does not have jurisdiction over plaintiff's claim for damages pursuant to the Privacy Act.   It is well-settled that the United States and its agencies enjoy sovereign immunity and, as such, the court is without jurisdiction to entertain a

---

[4]This document is attached to plaintiff's complaint as <u>Exhibit T</u>.

[5]This document is attached to plaintiff's complaint as <u>Exhibit U.</u>

suit against the government absent explicit consent by the government. <u>United States v. Mitchell</u>, 463 U.S. 206, 212 (1983); <u>Lehman v. Nakshian</u>, 453 U.S. 156, 160 (1981).  The United States, as sovereign, may not be sued without its consent, and the terms of its consent define the court's jurisdiction.  <u>FDIC v. Meyer</u>, 510 U.S. 471, 475 (1994); <u>United States v. Dalm</u>, 494 U.S. 596 U.S., 608 (1990); <u>United States v. Sherwood</u>, 312 U.S. 584, 586-87 (1941).  Waivers of sovereign immunity "cannot be implied but must be unequivocally expressed." <u>United States v. King</u>, 395 U.S. 1, 4 (1969).  Moreover, waivers of immunity must be "construed strictly in favor of the sovereign..."and not 'enlarge[d] ... beyond what the language requires' " <u>Ruckelshaus v. Sierra Club,</u> 463 U.S. 680, 685-686, 103 S.Ct. 3274, 3278 (1983) *citing* <u>McMahon v. United States</u>, 342 U.S. 25, 27 (1951);  <u>Eastern Transp. Co. v. United States</u>, 272 U.S. 675, 686 (1927).

Under Rule 12(b)(1), a plaintiff bears the burden of establishing by a preponderance of the evidence that the court possesses jurisdiction. <u>Buaiz v. U.S.</u>, 471 F.Supp.2d 129, 133 (D.D.C. 2007); *see also* <u>Shekoyan v. Sibley Int'l Corp.</u>, 217 F.Supp.2d 59, 63 (D.D.C. 2002); <u>Pitney Bowes Inc. v. U.S. Postal Serv</u>., 27 F.Supp.2d 15, 19 (D.D.C. 1998). Where the United States has not consented to suit, the court lacks jurisdiction over the subject matter of the action and dismissal is required.  *See* Fed.R.Civ.P. 12(h)(3); <u>United States v. Mitchell</u>, 463 U.S. 206, 212 (1983).

Plaintiff attempts to state a claim for damages based on alleged Privacy Act violations pursuant to 5 U.S.C. §552a(g)(1).  Specifically plaintiff alleges violations pursuant to 5 U.S.C. §552(g)(1)(B) and (D).  Although section 552a(g)(1) grants the

district courts jurisdiction over a civil suit brought by an individual against an agency, all claims are subject to the statute of limitations set forth in 5 U.S.C. § 552a(g)(5). Pursuant to section 552a(g)(5) the statute of limitations for enforcing any liability under the Privacy Act is two years from the date the alleged cause of action arose.  In a Privacy Act claim, the cause of action does not arise and the statute of limitations does not begin to run until the plaintiff knows or should know of the alleged violation." Blazy v. Tenet, 979 F.Supp. 10, 18 (D.C. Cir. 1987) *citing* Tijerina v. Walters, 821 F.2d 789, 798 (D.C. Cir. 1987); *see also* Rose v. United States, 905 F.2d 1257, 1259 (9th Cir. 1990); Williams v. Potter, 384 F.Supp.2d 730,733-735 (D. Del. 2005. )

    Plaintiff's complaint fails to identify the dates on which the events underlying all of plaintiff's claims occurred; however plaintiff's claims appear to be based on the three documents attached to his complaint marked as Exhibit A, Exhibit T, and Exhibit U.  On December 14, 2004, plaintiff submitted these *same* documents as exhibits to a motion for summary judgment he filed in Ivey v. Snow, No. 04-cv-00214-EGS (D.D.C.) (*See* PACER #30.)  Consequently, the *latest* date on which the statute of limitations expired with respect to these alleged violations would have been December 14, 2006.  Accordingly, because plaintiff did not file this action until March 14, 2007, the statute of limitations has expired with respect to defendant's Privacy Act claims.  Because the statute of limitations has expired, this Court lacks subject matter jurisdiction over this action; therefore, plaintiff's complaint should be dismissed.

II.

PLAINTIFF'S CLAIMS ALLEGING VIOLATIONS OF THE PRIVACY ACT PURSUANT TO 5 USC §552A
ARE BARRED BY RES JUDICATA.

The principle of *res judicata* prevents repetitious litigation involving the same
causes of action or the same issues." <u>Pharmaceutical Care Management Ass'n v. District
of Columbia</u>, 477 F.Supp.2d 86, 91 (D.D.C. 2007) *citing* <u>I.A.M. Nat'l Pension Fund v.
Indus. Gear Mfg. Co.</u>, 723 F.2d 944, 946 (D.C.Cir. 1983). A final judgment on the merits
of an action precludes the parties or their privies from relitigating issues that were or
could have been raised in that action." <u>Drake v. Fed. Aviation Admin.</u>, 291 F.3d 59, 66
(D.C.Cir. 2002) (*quoting* <u>Allen v. McCurry</u>, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308
(1980)). Four factors must exist for *res judicata* to apply: (1) an identity of parties in both
suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment
on the merits; and (4) the same cause of action in both suits. <u>Polsby v. Thompson</u>, 201
F.Supp.2d 45, 48 (D.D.C. 2002); *See also* <u>Brannock Assocs., Inc. v. Capitol 801 Corp.</u>, 807
F.Supp. 127, 134 (D.D.C. 1992) (*citing* <u>U.S. Industries, Inc. v. Blake Constr. Co.</u>, 765 F.2d
195, 205 n. 21 (D.C.Cir.1985)). The purpose of *res judicata* is to "conserve judicial
resources, avoid inconsistent results, engender respect for judgments of predictable and
certain effect, and to prevent serial forum-shopping and piecemeal litigation."
<u>Polsby v. Thompson</u>, 201 F.Supp.2d at 48 *quoting* <u>Hardison v. Alexander</u>, 655 F.2d 1281,
1288 (D.C.Cir.1981).

On or about February 4, 2004, plaintiff filed a complaint in the United States

District Court for the District of Columbia (No. 1:04-cv-00214-EGS).  In that complaint[6],

plaintiff sought, *inter alia,* damages based on his allegations that the Department of the

Treasury disclosed information contained in his personnel file in violation of the

Privacy Act of 1974.[7] (Ex. 1 at 1).  On August 31, 2005, the Court granted the United

States' motion for summary judgment.[8]

     In this action, plaintiff again seeks damages pursuant to the Privacy Act.

(Compl. ¶¶"Conclusion" and "Request of the Court.")  Plaintiff's claim appears to be

based on the same cause of action as that in his previous complaint.  Specifically, the

three documents upon which plaintiff relies to support his cause of action in this suit

are the same documents plaintiff submitted as exhibits to his motion for summary

judgment in his previous Privacy Act lawsuit.  These three documents fall within the

five categories of documents that were the bases of plaintiff's cause of action in the

---

[6]Plaintiff's complaint is attached as Exhibit 1.

[7]Specifically, plaintiff referred to five categories of documents:
- Documents regarding his alleged "whistle blowing" activities;
- Documents given to other "corrective" agencies;
- A document containing his social security number, written by Service employees Robert Hall and Doug Van Buren;
- Any documents that may have been given by the Service to the Commissioner, TIGTA, DOJ, and "appropriate legislative committees;" and
- Any documents prepared by Susan Karimi, Angela Strong, or Lisa Porter regarding him.

[8] Copies of the motion for summary judgment, supporting memorandum, and the Court's memorandum and opinion are attached as Exhibits 2 and 3.

previous suit. (Ex.1 at 1.).  As such, the alleged Privacy Act violations in this suit are the

same as several of the alleged Privacy Act violations in his prior suit.  Furthermore, this

action involves the same parties, and a final judgment on the merits was rendered.

Accordingly, plaintiff's claim is barred by res judicata.

<div align="center">

**CONCLUSION**

</div>

For the foregoing reasons, plaintiff's complaint should be dismissed with

prejudice.

DATE: May 24, 2007.

Respectfully submitted,

/s/ Brittney N. Campbell

BRITTNEY N. CAMPBELL

Trial Attorney, Tax Division

United States Department of Justice

Post Office Box 227

Ben Franklin Station

Washington, DC 20044

Telephone: (202) 353-2260

Facsimile: (202) 514-6866

OF COUNSEL:

JEFFREY A. TAYLOR

United States Attorney

2477428.1

<u>CERTIFICATE OF SERVICE</u>

IT IS HEREBY CERTIFIED that service of the foregoing Memorandum of Law in Support of Defendant's Motion to Dismiss has been made this 24th day of May, 2007, by mailing, postage prepaid, addressed to:

> Steven Ivey
> Ste. #278 Skyview Place
> 7611 S. Orange Blossom Trail
> Orlando, FL 32809

<div align="right">

<u>/s/ Brittney Campbell</u>
Brittney Campbell

</div>

2477428.1

**FILED**

**FEB 1 1 2004**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### United States District Court
### For The District of the District of Columbia

Steven Ivey
Box 184
147 Newberns Landing Rd
Powells Point, NC, 27966

CASE NUMBER  1:04CV00214

( JUDGE: Emmet G. Sullivan

### V.

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 02/11/2004

John W. Snow
Secretary
U.S. Department of the Treasury
1500 Pennsylvania Ave, NW
Washington, DC, 20220

JURY ACTION

### Compliant

This is an issue of violation of the Privacy act of 1974 by the above

named defendant.    This involved the recording of my First Ammendment Rights while

an employee of the IRS, US Department of the Treasury.  While employed and during

subsequent processing of my termination for whistle-blowing activities the agency

kept records of the plaintiff's  expressing and exercising his rights particulary in my

refusal to incriminate myself as protected by my Fifth Ammendmant Right.  The

documents recorded and maintained by the agency are part of the records given to

various corrective agencies without my consent.  These inculed a document wherein

my social security number was used in an unofficial manner and without my consent

as complied by employees Robert Hall and Doug Van Buren so as to coerce me to

incriminate myself and to discredit the processing of my compliants to the the

Tax Commisioner's office, the Inspector General for Taxation , DOJ, and the

EXHIBIT

1

PENGAD 800-631-6989

appropriate Legislative Commettees. Further documentation is associated with

other employees such as Susan Karimi, Angela Strong, and Lisa Porter wherein

these people assisted and made records of the plaintiffs activities in pursuit of

corrective action. These people also used there job roles to falsely make records

of my First Amendment Rights to discredit prior complaints and to direct

attention from the issues before various investigative agencies.

The plaintiff is seeking corrective action to remedy the situation and

disciplinary action for employees involved. More specifically, the plaintiff is seeking

accurate records, compensatory damages of $300,000 and cost involved in the

processing of the compliant.

The pliantiff is also requesting a trail by jury for this compliant.

**The plaintiff is requesting that the Court appoint the plaintiff an attorney and to**

**file these actions without payment of fees, costs, and other security. (Title VII of the**

**Civil Rights Act of 1964, as amended, 42 U.S.C § 2000e *et seq*: the Rehabilitation act**

**of 1973, as amended, 29 U.S.C. § 791(c).**

1/19/04
_____
Date

_____
Plaintiff

**Steven Ivey**
**Box 184**
**147 Newberns Landing Rd.**
**Powells Point, NC, 27966**
757-560-9485



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Office of Federal Operations
### P.O. Box 19848
### Washington, D.C. 20036

Steven G. Ivey,
Complainant,

v.

John W. Snow,
Secretary,
Department of the Treasury,
Agency.

Appeal No. 01A33016

Agency No. 02-1135

Hearing No. 110-A3-8092X

### DECISION

Complainant filed a timely appeal with this Commission from the agency's order dated March 24, 2003, dismissing his complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.* The appeal is accepted pursuant to 29 C.F.R. § 1614.405. In his complaint, complainant alleged that he was subjected to discrimination on the bases of race (Caucasian), color (white), sex (male), and reprisal for prior EEO activity when his employment was terminated during the probationary period effective March 7, 2001.

The record reveals that during the relevant time, complainant was employed as Data Transcriber, GS-356-03, at the agency's Elizabeth City, North Carolina's, Data Conversion Branch. Believing he was a victim of discrimination, complainant sought EEO counseling and subsequently filed a formal complaint on March 18, 2002. At the conclusion of the agency's investigation, complainant was informed of his right to request a hearing before an EEOC Administrative Judge (AJ) or alternatively, to receive a final decision by the agency. Complainant requested a hearing before an AJ.

On February 14, 2003, the AJ issued a decision dismissing the complaint because complainant failed to prosecute his case. The AJ found that complainant failed to appear at the February 14, 2003 hearing. The AJ found that he had mailed an Order on November 22, 2002, to the agency

2                                    01A33016

and complainant scheduling a pre-hearing conference on February 5, 2003, with a hearing set for February 14, 2003. The AJ found that complainant failed to submit the pre-hearing conference report (including a witness list) as required by the scheduling order and did not appear at the pre-hearing conference scheduled on February 5, 2003. The AJ stated that he issued an Order to Show Cause dated February 5, 2003, ordering complainant to show cause for his failure to submit any witness list or appear at the pre-hearing conference on February 5, 2003. The AJ noted that on February 12, 2003, complainant facsimiled a request for a continuance. The AJ denied the request as untimely and not justified. The AJ said that, in his request, complainant stated that he did not receive the acknowledgment and scheduling order until the end of January 2003. The AJ found that nothing in complainant's request set forth sufficient grounds for a continuance.

In its final order the agency stated that it was fully implementing the AJ's decision dismissing the complaint pursuant to 29 C.F.R. § 1614.107(a)(7).

We find the agency's dismissal of the complaint to be improper. It is noted that the AJ has the authority to sanction a party for failure without good cause shown to fully comply with an order. 29 C.F.R. § 1614.109(f)(3). However, dismissal of a complaint by an AJ as a sanction is only appropriate in extreme circumstances, where the complainant has engaged in contumacious conduct, not simple negligence. *See Hale v. Department of Justice*, EEOC Appeal No. 01A03341 (December 8, 2000). Upon review, the Commission finds that complainant's failure to appear at the hearing, appear at the pre-hearing conference, and failure to submit a pre-hearing conference report is insufficient, under the instant circumstances, to warrant dismissal of the entire complaint. To the extent that the AJ intended to sanction complainant by dismissing the entire complaint, the Commission finds that the AJ's sanction to dismiss the complaint was improper. In the instant case, the Commission finds that the appropriate sanction is to cancel the hearing and remand the complaint to the agency for a decision without a hearing.

Dismissal of the complaint under 29 C.F.R. § 1614.107(a)(7) is inappropriate under the instant circumstances, because the investigation has apparently been completed and there is apparently sufficient information in the record to adjudicate the complaint. Therefore, we shall remand the matter to the agency so that it may issue a decision on the complaint.

The agency's decision dismissing the complaint is REVERSED and we REMAND the complaint to the agency for further processing pursuant to the Order herein.

.ORDER.

Within sixty calendar days from the date this decision becomes final, the agency shall take final action on the complaint in accordance with 29 C.F.R. 1614.110. A copy of the agency's final decision must be sent to the Compliance Officer referenced herein.

3                                           01A33016

## IMPLEMENTATION OF THE COMMISSION'S DECISION (K0501)

Compliance with the Commission's corrective action is mandatory. The agency shall submit its compliance report within thirty (30) calendar days of the completion of all ordered corrective action. The report shall be submitted to the Compliance Officer, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. The agency's report must contain supporting documentation, and the agency must send a copy of all submissions to the complainant. If the agency does not comply with the Commission's order, the complainant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503(a). The complainant also has the right to file a civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement. See 29 C.F.R. §§ 1614.407, 1614.408, and 29 C.F.R. § 1614.503(g). Alternatively, the complainant has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled "Right to File A Civil Action." 29 C.F.R. §§ 1614.407 and 1614.408. A civil action for enforcement or a civil action on the underlying complaint is subject to the deadline stated in 42 U.S.C. 2000e-16(c) (1994 & Supp. IV 1999). If the complainant files a civil action, the administrative processing of the complaint, including any petition for enforcement, will be terminated. See 29 C.F.R. § 1614.409.

## STATEMENT OF RIGHTS - ON APPEAL

## RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.     The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.     The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

4                                      01A33016

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (R0900)

This is a decision requiring the agency to continue its administrative processing of your complaint. However, if you wish to file a civil action, you have the right to file such action in an appropriate United States District Court, **within ninety (90) calendar days from the date that you receive this** decision. In the alternative, you may file a civil action **after one hundred and eighty (180) calendar days** of the date you filed your complaint with the agency, or filed your appeal with the Commission. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. **Filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*
_____
Carlton M. Hadden, Director
Office of Federal Operations

OCT 1 4 2003
_____
Date

5                                    01A33016

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

OCT 1 4 2003
_____
Date

_____
Equal Opportunity Assistant

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

STEVEN IVEY,                          )
                                      )
            Plaintiff,                )
                                      )
      v.                              )    Civil No. 1:04-00214 (EGS)
                                      )
DEPARTMENT OF TREASURY,               )
                                      )
            Defendant.                )

<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>

Defendant, the Department of the Treasury, through undersigned counsel,

moves the Court for judgment.  As grounds for this motion, defendant states that the

material facts are not in dispute and that the defendant is entitled to judgment as a

matter of law.  Specifically, defendant states that all intra-agency disclosures of

plaintiff's personnel files were authorized pursuant to Section (b)(1) of the Privacy Act

(5 U.S.C. § 552a).  The inter-agency disclosures of plaintiff's personnel files to the EEOC

was permitted as a "routine use" under 5 U.S.C. § 552a(b)(3).  No disclosures were

made to Congress or to any other federal agency, contrary to plaintiff's non-specific

allegations in his complaint.  Because no violations of the Privacy Act have occurred, the

Court should grant judgment to the Department of the Treasury and dismiss this case

with prejudice.

Submitted with this motion are the Declaration of Melinda Fisher, a supporting

memorandum of law, and a proposed order.

<u>EXHIBIT</u>
2
PENGAD 800-631-6989

DATED:      October 14, 2004

                              Respectfully submitted,

                              /s/ Jason S. Zarin
                              JASON S. ZARIN
                              Trial Attorney, Tax Division
                              United States Department of Justice
                              Post Office Box 227
                              Ben Franklin Station
                              Washington, DC 20044
                              Telephone: (202) 514-0472

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing Defendant's Motion for

Summary Judgment has been made this 14th day of October, 2004, by mailing, postage

prepaid, addressed to:

> Steven Ivey
> Ste. #278 Skyview Place
> 7611 S. Orange Blossom Trail
> Orlando, FL 32809

/s/ Jason S. Zarin
_____

JASON S. ZARIN

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEVEN IVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:04-00214 (EGS) |
| | ) | |
| DEPARTMENT OF TREASURY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

Plaintiff brings this action under the Privacy Act (5 U.S.C. § 552a) and alleges that

the Department of the Treasury disclosed information contained in his personnel file

without his consent.[1] Therefore, he argues, defendant violated 5 U.S.C. § 552a(b).

All disclosures of information contained in plaintiff's personnel file were

properly made under 5 U.S.C. §§ 552a(b)(1) & (b)(3). Plaintiff, who was an employee of

the Internal Revenue Service during the time period at issue, filed complaints with the

---

[1]Specifically, plaintiff refers to five categories of documents:
- Documents regarding his alleged "whistle blowing" activities;
- Documents given to other "corrective" agencies;
- A document containing his social security number, written by Service employees Robert Hall and Doug Van Buren;
- Any documents that may have been given by the Service to the Commissioner, TIGTA, DOJ, and "appropriate legislative committees;" and
- Any documents prepared by Susan Karimi, Angela Strong, or Lisa Porter regarding him.

Treasury Inspector General for Tax Administration (TIGTA) and with the Commissioner of Internal Revenue complaining about his working conditions. All communications within the IRS and TIGTA concerning plaintiff and/or requiring the communication of his personal information (*e.g.*, his social security number) were made during the investigations of plaintiff's complaint and allegations.

Moreover, contrary to plaintiff's allegations, the Internal Revenue Service did not disclose any documents containing the plaintiff's social security number to the Department of Justice or to any Congressional committee. Indeed, it appears that the only correspondence concerning plaintiff that was disclosed to the Department of Justice or to any Congressional committee was disclosed by the plaintiff himself. There has been no communication from either the Internal Revenue Service or TIGTA to the Department of Justice or Congress concerning the plaintiff.

In sum, plaintiff's allegations are completely unfounded. The records concerning him were maintained with his consent: they consist of investigations of workplace allegations that plaintiff filed with the Service. Moreover, neither the Internal Revenue Service nor TIGTA has made any disclosures of these files to the Department of Justice or to Congress in violation of any provision of the Privacy Act. Defendant has complied with the requirements of the Privacy Act and has neither maintained any improper

records nor made any improper disclosures. Accordingly, the Court should grant judgment to the defendant.

## STATEMENT OF FACTS

Defendant has identified five sets of records concerning plaintiff. (Fisher Decl. ¶¶ 6, 7 & 11.) Only four of these records are subject to the Privacy Act. The fifth is a "whistle blower" complaint maintained by TIGTA. This record is "anonymous" and is neither indexed nor identified by plaintiff's name; instead it is identified solely with a case number. (Fisher Decl. ¶ 11.)[2] See 5 U.S.C. § 552a(a)(4) (only records identifying the person about whom the record concerns are records subject to the Privacy Act); see also Tobey v. NLRB, 40 F.3d 469, 471 (D.C. Cir. 1994).

The four sets of records subject to the Privacy Act consist of the following:

• Files maintained by the Internal Revenue Service in order to represent the agency against plaintiff's complaint filed with the EEOC;

• Two sets of the official proceeding files, prepared by the Department of Treasury's Office of Equal Opportunity Program ("EOP");

• The Internal Revenue Service's litigation correspondence file, which consists of correspondence from the plaintiff to the Service, correspondence from the EOP to

---

[2]Ms. Fisher was only able to identify the TIGTA record as concerning plaintiff by the reference to the TIGTA case number contained in correspondence from TIGTA to the plaintiff, a copy of which the plaintiff mailed to the Merit Systems Protection Board. (Fisher Decl. ¶ 11.)

the Service, notices and orders from the EEOC, correspondence from the court-appointed mediator, letters from the Treasury Complaint Center to General Legal Services, witness interview sheets, and the Service's filings with the EEOC; and

- Copies of correspondence between the plaintiff and the Service, intra-agency email and faxes, and employee notes maintained by the Employee Issues Branch of the Workforce Relations Office. (Fisher Decl. ¶¶ 7–10.)

Defendant's maintenance of these files stems from several workforce, equal employment, and Merit Systems Protection Board complaints filed by plaintiff. (Fisher Decl. ¶¶ 7&8.)

The Department of the Treasury has also searched its records and concluded that it has not made any disclosures of documents or records concerning plaintiff to Congress. (Fisher Decl. ¶ 9.) Nor has the Department made any disclosures of documents or records concerning plaintiff to the Department of Justice. (Fisher Decl. ¶¶ 7, 8, & 11.) The only federal agency outside of the Department of the Treasury to which a disclosure was made was to the Equal Employment Opportunity Commission, which was in response to plaintiff's complaint filed with the EEOC. (Fisher Decl. ¶ 7.)

- 4 -

## ARGUMENT

### I.    ALL DISCLOSURES WERE PROPER UNDER THE PRIVACY ACT.

As a general rule, a federal agency cannot disclose any record in a system of records subject to the Privacy Act without the written consent of the person to whom the record pertains. <u>See</u> 5 U.S.C. § 552a(b). The Privacy Act provides twelve exceptions to this general rule that allow disclosure without the subject's consent under certain circumstances. The two exceptions applicable here allow disclosure to officers and employees of the agency who have "a need for the record in the performance of their duties" and to outside agencies "for a routine use." <u>See</u> 5 U.S.C. §§ 552a(b)(1) & (b)(3).

*A.    The Intra-Agency Disclosures Were Proper Under 5 U.S.C. § 552a(b)(1).*

The disclosures within the Department of the Treasury were made to agency subcomponents (*e.g.*, General Legal Services) in order to process and defend plaintiff's employment and discrimination claims. Under 5 U.S.C. § 552a(b)(1), federal agencies are allowed to disclose an employee's employment records to other agency components for use in performance reviews, employment disputes, and equal employment opportunity cases. <u>See, e.g.</u>, <u>Bigelow v. Dept. of Defense</u>, 217 F.3d 875, 876–78 (D.C. Cir. 2000) (review of personnel file to "make sure that plaintiff was worthy of trust" allowed); <u>Pippinger v. Rubin</u>, 129 F.3d 519, 529–31 (10th Cir. 1997) (disclosure to attorney handling Merit Systems Protection Board proceeding allowed); <u>Howard v.</u>

<u>Marsh</u>, 785 F.2d 645, 647–49 (8th Cir. 1986) (disclosure of personnel records to agency

attorney and personnel specialist for purpose of preparing response to discrimination

complaint). Indeed, this Court has specifically ruled that disclosures made to the

Department of the Treasury's EEO personnel as part of their course of investigating the

employee's EEO complaint are permitted under 5 U.S.C. § 552a(b)(1). <u>See</u>, <u>McNeill v.</u>

<u>IRS</u>, 1995 U.S. Dist. LEXIS 2372 at *8 (D.D.C. Feb. 7, 1995). Moreover, disclosures to

"officials or counsel for the agency for use in the exercise of their responsibility for

management of the agency or for defense of litigation initiated by the plaintiff" is also

permitted under 5 U.S.C. § 552a(b)(1). <u>See</u>, <u>Glass v. Dep't of Energy</u>, 1988 WL 118408 at

*1 (D.D.C. Oct. 29, 1988).

    The intra-agency disclosures were permitted and proper under the Privacy Act.

B.    *The Inter-Agency Disclosure to the Equal Employment Opportunity Commission Was*
      *Allowed Under 5 U.S.C. § 552a(b)(3).*

    5 U.S.C. § 552a(b)(3) allows inter-agency disclosures of materials subject to the

Privacy Act for a "routine use." There are two requirements the agency must meet: (1)

the routine use must be published in the Federal Register, and (2) the use of the record

must be compatible with the purpose for creating the record. <u>See</u>, 5 U.S.C.

§§ 552a(e)(4)(D) (publication) & (a)(7) (compatibility).

    The routine use of the records at issue here was published in the Federal Register

in Volume 66, No. 237, in the December 10, 2001, issue. (<u>See</u> Fisher Decl. Ex. A.) The

- 6 -

"routine uses" for non-return information maintained by the Department of the

Treasury concerning "persons involved in litigation, actions, investigations or cases

. . . who are parties in personnel matters, as well as discrimination and labor-

management relations matters, of the Internal Revenue Service" include:

> (11) provide information to the Office of Personnel
> Management in personnel, discrimination and labor
> management matters; (12) provide information to
> arbitrators, the Federal Labor Relations Authority, including
> the Office of the General Counsel of that authority, the
> Federal Service Impasses Board and the Federal Mediation
> and Conciliation Service in labor management matters; (13)
> provide information to the Merit Systems Protection Board,
> including its Special Counsel, in Personnel, Discrimination
> and Labor Management matters; (14) provide information to
> the Equal Employment Opportunity Commission in
> Personnel, Discrimination, and Labor Management
> matters. . . .

Treasury/IRS 90.004, Chief Counsel General Legal Services Case Files, 66 Fed. Reg.

63863 (Dec. 10, 2001) (See Fisher Decl. Ex. A).  The disclosure of plaintiff's files to the

Equal Employment Opportunity Commission was explicitly allowed by this notice.

Moreover the use was compatible with the purpose of creating the record.  The

records at issue are personnel records.  The use of personnel records in an EEOC case is

clearly a compatible use.  See, USPS v. Nat'l Ass'n of Letter Carriers, 9 F.3d 138, 144

(D.C. Cir. 1993).

The disclosure of plaintiff's personnel records to the EEOC meets the requirements of 5 U.S.C. § 552a(b)(3). Disclosure was permitted, and there has been no violation of the Privacy Act.

## II. NO OTHER DISCLOSURES WERE MADE TO ANY OUTSIDE AGENCY OTHER THAN THE EEOC OR TO CONGRESS.

Plaintiff did not identify any alleged disclosures in his complaint with any particularity, presumably expecting the defendant to search all of its records and identify "disclosures" for him. Defendant has done that research. The Department of the Treasury has examined all five sets of records it maintained concerning plaintiff, and it does not appear that any communications were made between the Department of the Treasury and any outside agency other than the EEOC.[3] (Fisher Decl. ¶¶ 7–11.) In addition, there are no indications in any of the Department's records that disclosure was made to any legislative committee or any member of Congress. (Fisher Decl. ¶¶ 7–11.) The only communications with outside agencies (other than the EEOC) contained within the Department's records are copies of plaintiff's own correspondence with the Department of Justice, certain legislative committees, the Merit Systems Protection

---

[3]Excepting, of course, its disclosures to its counsel at the Department of Justice and to the Court as necessary in this litigation. Such disclosures are permitted under 5 U.S.C. § 552a(b)(3) as "routine uses" and notice of these possible uses for the personnel files was published in the Federal Register in the same notice as described above ("Treasury/IRS 90.004"). Specifically, the records may be used to "disclose information to the Department of Justice for the purposes of litigating an action" and "disclose information to a court . . . in the course of presenting evidence . . . in litigation."

Board, and the U.S. Office of Special Counsel. (Fisher Decl. ¶¶ 7–11.) Indeed, the only

disclosures made to these non-Treasury entities were made by the plaintiff. The

Department of the Treasury has not made any disclosures, and thus, not violated any

provisions of the Privacy Act.

## CONCLUSION

The Department of Treasury has complied fully with the requirements of the

Privacy Act concerning plaintiff's employment and personnel files. All intra- and inter-

agency disclosures were made pursuant to the "need for the record in the performance

of their duties" and the "routine use" exceptions to the Privacy Act. There have been no

disclosures to Congress or to any other outside agency other than the EEOC. All

disclosures were made in the course of investigating and defending plaintiff's

workplace, employment, and equal employment opportunity complaints and court

actions. Defendant has made no improper disclosures, and the Court should grant

judgment to the Department of the Treasury.

DATED:      October 14, 2004

Respectfully submitted,

/s/ Jason S. Zarin
JASON S. ZARIN
Trial Attorney, Tax Division
United States Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 514-0472

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

- 10 -

<u>CERTIFICATE OF SERVICE</u>

IT IS HEREBY CERTIFIED that service of the foregoing Memorandum of Law in

Support of Defendant's Motion for Summary Judgment has been made this 14th day of

October, 2004, by mailing, postage prepaid, addressed to:

>      Steven Ivey
>      Ste. #278 Skyview Place
>      7611 S. Orange Blossom Trail
>      Orlando, FL 32809

                                        /s/ Jason S. Zarin
                                        _____

                                        JASON S. ZARIN

- 11 -


**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

STEVEN IVEY,

    **Plaintiff,**

        v.

JOHN W. SNOW, Secretary,
 U.S. Department of the Treasury,

    **Defendant.**

Civil Action No.  04-0214 (EGS)

## MEMORANDUM OPINION

This matter is before the Court on defendant's motion for summary judgment.[1]  Having

considered the motion, plaintiff's opposition, and the entire record of this case, the Court will

grant summary judgment for defendant.

### I.  BACKGROUND

Plaintiff, a former employee of the United States Department of the Treasury, Internal

---

[1]     Plaintiff also filed a motion for summary judgment.  After repeating the allegations previously stated in his complaint, plaintiff alleges, generally, that other IRS employees violated his rights during the course of administrative proceedings related to his discrimination claims or his termination.  Any procedural or substantive issues arising from the handling or resolution of plaintiff's discrimination claims before the Equal Employment Opportunity Commission or of his challenge to his termination before the Merit Systems Protection Board have nothing to do with the issue of this case: whether IRS maintained or disclosed records pertaining to plaintiff in violation of the Privacy Act.  The Court will deny plaintiff's motion.

1



Revenue Service ("IRS"), brings this action under the Privacy Act, 5 U.S.C. § 552a.[2] Compl. at

1. Generally, plaintiff objects to the maintenance of records pertaining to him, and their alleged

disclosure without his consent. He alleges:

> While employed and during subsequent processing of my termination for whistle-blowing activities the agency kept records of the plaintiff's expressing and exercising his rights particulary [sic] in my refusal to incriminate myself as protected by my Fifth Ammendmant [sic] Right. The documents recorded and maintained by the agency are part of the records given to various corrective agencies without my consent. These inculed [sic] a document wherein my social security number was used in an unofficial manner and without my consent . . . so as to coerce me to incriminate myself and to discredit the processing of my complaints to the the [sic] Tax Commis[s]ioner's office, the Inspector General for Taxation, DOJ, and the appropriate Legislative Commettees [sic]. Further documentation is associated with other employees . . . wherein these people assisted and made records of the plaintiff's activities in pursuit of corrective action.

Compl. at 1-2. He demands unspecified "corrective action," amendment of the agency's records

and compensatory damages. *Id.* at 2.

## II. DISCUSSION

### A. Standard of Review

Summary judgment is granted to the movant if it has shown, when the facts are viewed in

the light most favorable to the non-movant, that there are no genuine issues of material fact in

dispute and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*,

---

[2]    Although plaintiff cites several statutory bases for this action, *see* Compl. at 2; Amd. Compl., & Attach. (EEOC Decision), the Privacy Act is the only relevant statute. Plaintiff alleges the unlawful disclosure of information maintained in defendant's records pertaining to him, and demands relief ("accurate records" and compensatory damages) available under the Privacy Act. *See* 5 U.S.C. § 552a(g). The challenge to his termination, allegedly for discriminatory reasons, is the subject of a separate civil action, *Ivey v. Snow*, 04cv1377 (EGS).

477 U.S. 317 (1986); Fed. R. Civ. P. 56(c). A material fact is one "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When evaluating a summary judgment motion, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* at 255; *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000). The party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248; *see also Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 150 (D.C. Cir. 1996).

### B. Defendant's Motion for Summary Judgment

The Privacy Act, generally, prohibits the disclosure of information in an agency's records about an individual, unless that individual submits a written request for such disclosure or consents to such disclosure in writing. *See* 5 U.S.C. § 552a(b). There are several exceptions to this general rule, two of which are relevant here. First, disclosure of a record "to those officers and employees of the agency which maintains the record who have a need for the record in the performance of their duties" is allowed. 5 U.S.C. § 552a(b)(1). Second, disclosure of a record to another agency is allowed for "routine use." 5 U.S.C. § 552a(b)(3). The term "routine use" means, "with respect to the disclosure of a record, the use of such record for a purpose which is compatible with the purpose for which it was collected." 5 U.S.C. § 552a(a)(7).

### 1. Agency Records Pertaining to Plaintiff

Given plaintiff's employment with and subsequent litigation against the Internal Revenue Service, it is hardly surprising that IRS maintained records pertaining to plaintiff. An attorney

3

with IRS' Office of Chief Counsel investigated and described the records maintained by the

agency pertaining to plaintiff at the time he filed the instant civil action. Fisher Decl., ¶ 4.

The IRS maintains files for use in representing the agency against a complaint filed by

plaintiff before the Equal Employment Opportunity Commission ("EEOC"). Fisher Decl., ¶ 7.

Of the three files retrieved from the IRS' Office of the Associate Chief Counsel (General Legal

Services), two contained copies of official proceeding files prepared by the Treasury

Department's Equal Opportunity Program ("EOP"). Among the documents in these files are

those "gathered by the EOP, either through its own investigative efforts or obtained from the

plaintiff, during the EOP's review of the plaintiff's complaint of employment discrimination."

*Id.*, ¶ 7. The third file is a litigation correspondence file, containing copies of correspondence

from plaintiff to IRS, from EOP to IRS, EEOC notices and orders, correspondence from court-

appointed mediator, and IRS filings with EEOC. *Id.*

The IRS' General Legal Services office maintains a file compiled for use in "defend[ing]

the agency against a complaint filed by the plaintiff with the Merit Systems Protection Board

(MSPB)." Fisher Decl., ¶ 8. It contains copies of MSPB opinions and orders, correspondence

from plaintiff to the MSPB and to the IRS, filings by the IRS with MSPB, intra-agency e-mails

and transmittal memoranda, plaintiff's performance appraisal, employee's notes, witness

interview data sheets, and plaintiff's correspondence to U.S. Office of Special Counsel. *Id.*

The IRS' Legislative Affairs Office reviews correspondence sent by the IRS to any

member of Congress or legislative committee, and maintains records of its work product. Fisher

Decl., ¶ 9. There are no files containing correspondence from the IRS to Congress regarding

plaintiff. *Id.*

4

The Employee Issues Branch of the Workforce Relations Office maintains a file created in response to plaintiff's November 29, 1999 complaint letter to the Commissioner of the IRS. Fisher Decl., ¶ 10(a) & Ex. G.  In the file are copies of incoming correspondence from plaintiff, responsive correspondence from the IRS, intra-agency e-mails and faxes, and employee notes. *Id.*, ¶ 10.

The Treasury Inspector General for Tax Administration ("TIGTA") received a complaint from plaintiff alleging misconduct by other IRS employees.  Fisher Decl., ¶ 11.  TIGTA records include a complaint referral memorandum, report of inquiry, investigator notes, intra-agency faxes, and plaintiff's initial complaint (plaintiff's name redacted).  *Id.*

2. Disclosure of the Agency's Records Pertaining to Plaintiff
is Authorized under the Privacy Act

*a.  Intra-Agency Disclosure*

Defendant demonstrates that the IRS compiled and maintained records for use in defending the agency before the EEOC and the MSPB against plaintiff's employment discrimination complaints.  *See* Fisher Decl., ¶¶ 6-8, 11.  Maintenance of such files is permissible under the Privacy Act, as the files pertain to personnel-related litigation.  *See* 66 Fed. Reg. 63,863 (Dec. 10, 2001).  These records were shared among IRS employees in the course of receiving, processing, investigating, or litigating these employment claims.  Such disclosure without plaintiff's consent in these circumstances is permitted under the Privacy Act.  *See, e.g., Pippinger v. Rubin*, 129 F.3d 519, 529-31 (10th Cir. 1997) (identity of subject of investigation by supervisor who was investigating allegations of subject's misconduct to employees assisting in investigation); *Howard v. Marsh*, 785 F.2d 402, 410 (10th Cir. 1982) (disclosure of personnel

5

records to agency attorney and personnel specialist for purpose of preparing response to discrimination complaint).

Similarly, the IRS compiled and maintained records pertaining to complaints that plaintiff submitted to the Commissioner of the IRS and to TIGTA. *See* Fisher Decl., ¶¶ 10, 10(d), 11, and 11(d). Disclosure of such records within the IRS, in order that plaintiff's complaints could be investigated, is permitted under the Privacy Act.

### b. *Inter-Agency Disclosure*

Defendant also demonstrates that the only disclosures to other agencies occurred for the purpose of litigating plaintiff's claims before the EEOC and MSPB. *See* Fisher Decl., ¶¶ 7(b), 8(b). Contrary to plaintiff's allegations, there is no indication that the IRS sent documents to TIGTA, the Department of Justice, the U.S. Office of Special Counsel, to any legislative committee, or to any other agency. *Id.*, ¶¶ 7(d), 8(d), 9, 10(b),(d), 11(b). The agency's files, however, include copies of correspondence and complaints that plaintiff sent to these entities. *Id.*, ¶¶ 7(d), 8(d), 10, 11. Insofar as plaintiff alleges the unlawful disclosure of his Social Security number, the number appears in the relevant agency files (litigation correspondence file) only on a memorandum that plaintiff himself attached as an exhibit to his April 17, 2003 letter to the EEOC. Fisher Decl., ¶ 7(c) & Ex. B, C.

### III. CONCLUSION

Defendant thus demonstrates that the IRS' maintenance and disclosure of records pertaining to plaintiff are allowed under the Privacy Act. Plaintiff has no reasonable objection to the IRS's disclosure of information in the course of administrative proceedings initiated by plaintiff himself. Nor can plaintiff find fault with defendant for maintaining records consisting

of correspondence that he sent to IRS or to other federal entities. The Court identifies no

violation of the Privacy Act, and, therefore, will grant defendant's motion for summary

judgment. An Order consistent with this Memorandum Opinion will be issued separately on this

same date.


Signed:      EMMET G. SULLIVAN
             United States District Judge

Date:        August 30, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN IVEY,

      Plaintiff,

        v.

JOHN W. SNOW, Secretary,
U.S. Department of the Treasury,

      Defendant.

Civil Action No.  04-0214 (EGS)

## ORDER

It is hereby

ORDERED that plaintiff's motion for summary judgment [Dkt. #30] is DENIED.  It is

FURTHER ORDERED that plaintiff's motion to amend the memorandum of law in

support of his summary judgment motion [Dkt. #29] is GRANTED.  It is

FURTHER ORDERED that defendant's motion for summary judgment [Dkt. #25] is

GRANTED.  It is

FURTHER ORDERED that JUDGMENT shall be entered for defendant.  This is a final

appealable Order.  *See* Fed. R. App. P. 4.

SO ORDERED.

Signed:      EMMET G. SULLIVAN
              United States District Judge

Date:        August 30, 2005

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEVEN IVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:07-00480 (EGS) |
| | ) | |
| U.S. DEPARTMENT OF THE TREASURY, ET AL. | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Having considered the Department of Treasury's motion to dismiss ,

together with the memorandum of points and authorities in support of the

motion, and having further considered plaintiff's opposition thereto, the Court

concludes that the motion to dismiss ought to be granted.  Accordingly, it is this

_____ day of _____, 2007, at the District of Columbia,

ORDERED that the Department of Treasury's motion to dismiss be and is

GRANTED;

ORDERED that plaintiff's complaint be and is DISMISSED with prejudice;

and it is further

//


//

ORDERED that the Clerk shall distribute conformed copies of this order to

the representatives of the parties listed below.


_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

Brittney N. Campbell
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044

Steven Ivey
Ste. #278 Skyview Place
7611 S. Orange Blossom Trail
Orlando, FL 32809

-2-

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the foregoing proposed ORDER was caused to be served upon plaintiff's counsel on the 24th day of May, 2007, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

Steven Ivey
Ste. #278 Skyview Place
7611 S. Orange Blossom Trail
Orlando, FL 32809

/s/ Brittney Campbell
BRITTNEY N. CAMPBELL