IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN IVEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. 1:07-00480 (EGS) |
| U.S. DEPARTMENT OF THE TREASURY, ET AL. | ) ) ) |
| Defendants. | ) |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendant submits this reply solely to address plaintiff's contention in his opposition that the Court has subject matter jurisdiction over this matter and otherwise relies upon the motion and memorandum in support of its motion to dismiss.

INTRODUCTION

Plaintiff brings this action under the Privacy Act (5 U.S.C. § 552a) for alleged violations pursuant to 5 U.S.C. §552a(g)(1)(B) and (D). Specifically, plaintiff appears to allege three separate violations of the Privacy Act, based on three exhibits that plaintiff attached to a motion for summary judgment filed with the Court in a prior case on December 14, 2004.

Defendant moved to dismiss this case asserting that, *inter alia,* the court lacks subject matter jurisdiction because plaintiff filed this action after the expiration of the statute of limitations. Therefore, the Court lacks subject matter jurisdiction over plaintiff's claim.

STATEMENT AND DISCUSSION

In his opposition, plaintiff first argues that the Court has subject matter jurisdiction because plaintiff has filed similar FOIA/Privacy Act civil actions in the D.C. "Circuit" Court; therefore, "it has been established that between the plaintiff and defendant that proper jurisdiction resides in DC District."( Pl. Opp. ¶ 2).  Plaintiff then notes that the three districts suitable for a citizen to file a FOIA/Privacy Act civil damages action are: "(1) DC; (2) where the defendant's principle office resides, or (3) where the plaintiff resides." (Id.)   Plaintiff's argument is without merit.   Plaintiff appears to be addressing the issue of proper venue pursuant to 5 U.S.C. §552a(g)(5), not the issue of subject matter jurisdiction.

Plaintiff next argues that the statute of limitations has not expired with respect to the alleged Privacy Act violations.  With respect to the alleged Privacy Act violation related to Exhibit A, plaintiff claims that although Exhibit A is dated March, 2001, the Treasury has cited the document in "administrative and judicial reviews of plaintiff's claims of MSPB whistle-blowing and EEOC Title VII employment discrimination and harassment."  (Pl. Opp. ¶ 6.)  Consequently, this use has resulted in damage to plaintiff on a rolling basis until the present date.  (Id.)  With respect to the other documents upon which plaintiff seems to base his Privacy Act claims, plaintiff states that the Treasury "perpetuated unverified information against the plaintiff that has resulted in damages

to the plaintiff that continues till the present date." Plaintiff alleges that the statute of limitations expires March, 2009.  (Pl. Opp. ¶ 11.)

In his attempt to argue that the statute of limitations had not expired with respect to his claims, plaintiff only makes vague references to alleged violations.  Other than the dates on which the documents were generated, plaintiff does not set forth any specific dates upon which the alleged violations occurred or dates upon which plaintiff learned of the alleged violations.  Accordingly, plaintiff has failed to demonstrate that he learned of any new alleged violations that occurred subsequent to December 14, 2004 -- the date that plaintiff filed the documents with the Court as exhibits attached to his motion for summary judgment – the latest possible date plaintiff's alleged violations occurred.

To the extent that plaintiff is arguing that the alleged violations have caused continuing damage, thereby tolling the statute of limitations, this argument must also fail.  Plaintiff has not alleged any new unlawful conduct by the government; he has merely alleged a continuing adverse consequence of alleged prior unlawful conduct. *See* Diliberti v. U.S., 817 F.2d 1259, 1264 (7th Cir. 1987) *citing,* Ward v. Caulk, 650 F.2d 1144, 1147 (9th Cir.1981)("A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation."); Oppenheim v. Campbell, 571 F.2d 660, 662 (D.C.Cir.1978) (plaintiff's claim accrues when he is "first harmed" ).  If the Court were to accept this argument, then, in practical effect, the two-year statute would never run.  See  Bergman v. United States, 751 F.2d 314, 316 (10th Cir.1984).

Accordingly, because the statute of limitations has expired, this Court lacks subject matter jurisdiction over this action; therefore, plaintiff's complaint should be dismissed.

## CONCLUSION

For the reasons asserted in defendant's motion to dismiss and the arguments presented herein, defendant respectfully requests that the Court grant its motion to dismiss.

DATED: June 25, 2007

                              Respectfully submitted,

                              /s/ Brittney N. Campbell
                              BRITTNEY N. CAMPBELL
                              Trial Attorney, Tax Division
                              United States Department of Justice
                              Post Office Box 227
                              Ben Franklin Station
                              Washington, DC 20044
                              Telephone: (202) 353-2260
                              Facsimile: (202) 514-6866

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing defendant's Reply has been made this 25th day of June, 2007, by mailing, postage prepaid, addressed to:

> Steven Ivey
> 7611 South Orange BL TR
> Suite 278
> Orlando, FL 32809

         /s/ Brittney Campbell
         BRITTNEY N. CAMPBELL

- 3 -