# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

STEVEN IVEY,

    Plaintiff,

        v.                                     Civil Action No.  07-0480 (EGS)

UNITED STATES DEPARTMENT OF THE
TREASURY,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on defendant's Motion to Dismiss and plaintiff's "Motion to Reassign Judge to Case."  For the reasons set forth below, the Court will grant the former and deny the latter.

## I.  BACKGROUND

Plaintiff, a former employer of the Internal Revenue Service, brings this action against the United States Department of the Treasury ("Treasury") under the Privacy Act, *see* 5 U.S.C. § 552a.[1]  Complaint ("Compl.") at 1.  He appears to allege that Treasury has maintained and has disclosed three documents which contain information pertaining to him in the course of administrative proceedings and civil actions in federal courts without his consent in violation of the Privacy Act.  *See id.* at 3-4.  The documents are: (1) an undated electronic mail message from Robert M. Hall to Linda C. Ferguson, Karen D. Truss, and Brent E. Brown summarizing a

---

[1]     Although plaintiff mentions Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e *et seq.*, and the Rehabilitation Act of 1973, *see* 29 U.S.C. § 791 *et seq.*, in his complaint, *see* Compl. at 5, the complaint states no claim under either provision.

telephone conversation between Angela Strong (a representative of the National Treasury

Employees Union) and plaintiff; (2) correspondence dated March 5, 2001 signed by Robert M.

Hall regarding his recommendation to terminate plaintiff; and (3) an electronic mail message

dated April 2, 2001 forwarded by Karen D. Truss to Brent E. Brown regarding plaintiff's March

31, 2001 telephone conversation with Susan Karimi.  *Id.*, Ex. A, T and U respectively.

Plaintiff demands declaratory relief and an award of "relative fees and costs associated

with the action and other relief as to it [sic] discretion for damages."  Compl. at 5.  Treasury

moves to dismiss the complaint on the ground that plaintiff's claims are barred under the doctrine

of *res judicata*.[2]  *See* Memorandum in Support of Motion to Dismiss ("Def.'s Mot.") at 8-11.

## II.  DISCUSSION

### A.  Res Judicata Bars Plaintiff's Claims

Generally, a plaintiff is expected to "present in one suit all the claims for relief that he

may have arising out of the same transaction or occurrence."  *U.S. Indus., Inc. v. Blake Const.*

*Co., Inc.*, 765 F.2d 195, 205 (D.C. Cir. 1985) (quoting 1B J. Moore, *Moore's Federal Practice*,

¶ 0.410[1] (1983)).  The doctrine of *res judicata* provides that a final judgment on the merits in a

prior suit involving the same parties bars subsequent suits based on the same cause of action.

_____

[2]     In the alternative, Treasury argues that plaintiff's claims are barred by the statute
of limitations, thus depriving this Court of subject matter jurisdiction.  *See* Def.'s Mot. at 5-7.
The Court may grant a motion to dismiss on this ground "only if the complaint on its face is
conclusively time-barred," *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996), or "if
'no reasonable person could disagree on the date' on which the cause of action accrued."  *Smith
v. Brown & Williamson Tobacco Corp.*, 3 F. Supp. 2d 1473, 1475 (D.D.C. 1998) (citing *Kuwait
Airways Corp. v. Am. Sec. Bank, N.A.*, 890 F.2d 456, 463 n.11 (D.C. Cir. 1989)).  On the record
here, the date on which plaintiff's Privacy Act cause of action accrued is unclear, and, therefore,
the Court cannot conclude that plaintiff filed his civil action after the two-year statute of
limitations had expired.

*Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979). Two cases implicate the same cause of action if they share the same nucleus of facts. *Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2002), *cert. denied*, 537 U.S. 1193 (2003) (internal quotation marks and citation omitted). *Res judicata* bars not only claims that actually were litigated, but also claims that could have been litigated in the previous action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citation omitted); *I.A.M. National Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously") (citation omitted); *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981).

In order for *res judicata* to apply, Treasury must show: (1) the identity of parties in both suits, (2) a judgment rendered by a court of competent jurisdiction, (3) a final judgment on the merits, and (4) an identity of the cause of action in both suits. *Paley v. Estate of Ogus*, 20 F. Supp. 2d 83, 87 (D.D.C. 1998) (citing *Brannock Assocs., Inc. v. Capitol 801 Corp.*, 807 F. Supp. 127, 134 (D.D.C. 1992) (citing *U.S. Indus. Inc.*, 765 F.2d at 205 n.21 )).

Defendant argues that the Court's resolution of plaintiff's prior Privacy Act action against Treasury bars his claims in the instant civil action. *See* Def.'s Mot. at 8-9. In the prior action, plaintiff alleged that Treasury maintained records pertaining to him and disclosed these records to offices within Treasury and to other government agencies in violation of the Privacy Act. *See id.*, Ex. 1 (Complaint, *Ivey v. Snow*, Civ. No. 04-0214 (EGS)). The three documents at issue in the instant civil action also were at issue in the prior action and were included as attachments to plaintiff's summary judgment motion. *See Ivey v. Snow*, Civ. No. 04-0214 (EGS) (D.D.C.) (Plaintiff's Motion for Summary Judgment [Dkt. #30], Ex. 4-5, 9). The Court ruled in Treasury's favor because its use and disclosure of these records in the course of defending itself

3

in proceedings plaintiff brought before the Merit Systems Protection Board and the Equal

Employment Opportunity Commission was authorized under the Privacy Act. *Ivey v. Snow*, No.

04-0214, 2005 WL 2474480, at *3 (D.D.C. Aug. 30, 2005), *appeal dismissed*, No. 05-5444 (D.C.

Cir. Mar. 7, 2006).

Defendant thus demonstrates that the parties, plaintiff and Treasury, were the same in

both civil actions. The causes of action are the same, in that plaintiff alleges violations of the

Privacy Act arising from Treasury's maintenance and use of the same three documents in

administrative proceedings and civil actions in federal court. In addition, Treasury shows that a

court of competent jurisdiction entered a final judgment in its favor on the merits of those claims.

Plaintiff counters by arguing that his allegations of "perjury, forging of evidence, and

subornation of perjury regarding the exhibits herein was not raised previously." Plaintiff's Reply

to Motion to Dismiss ("Pl.'s Opp'n") ¶ 12. That plaintiff chose to raise some, but not all, of his

claims in the prior suit works to his detriment. The doctrine of *res judicata* bars not only

relitigation as to every ground of recovery or defense actually presented in the prior action, but

also every ground which might have been presented. *Flynn v. 3900 Watson Place, Inc.*, 63 F.

Supp. 2d 18, 22 (D.D.C. 1999) (quoting *Shin v. Portals Confederation Corp.*, 728 A.2d 615, 618

(D.C. 1999)).

The Court will grant Treasury's motion to dismiss on the ground that plaintiff's Privacy

Act claims are barred under the doctrine of *res judicata*.

### B. This Action Will Not Be Reassigned To Another Judge

Plaintiff notes that the same judge has been assigned to two of plaintiff's prior cases, *Ivey*

*v. Snow*, Civ. No. 04-0214 (EGS), and *Ivey v. Nat'l Treasury Employees Union*, Civ. No. 05-

1147 (EGS).  Motion to Reassign Judge to Case at 1.  He asserts that this situation "creates a

predetermined opinion for the above captioned case with the defendant, [and] it is improper for

Judge Sullivan to be assigned to the present case."  *Id.* at 2.  Because "the plaintiff has filed

misconduct charges against Judge Sullivan in [the United States Court of Appeals for the District

of Columbia] Circuit, there is a conflict of interest in the outcome of the present case, [and]

therefore, the case should be reassigned to another judge to provide fairness to the plaintiff."  *Id.*

at 3.

     A judge shall disqualify himself "in any proceeding in which his impartiality might

reasonably be questioned."  28 U.S.C. § 455(a).  In addition, a judge shall disqualify himself

"[w]here he has a personal bias or prejudice concerning a party."  28 U.S.C. § 455(b)(1).[3]  The

standard for disqualification under Section 455 is an objective one: whether a reasonable and

informed observer would question the judge's impartiality.  *See In re Brooks*, 383 F.3d 1036,

1043 (D.C. Cir. 2004); *United States v. Microsoft Corp.,* 253 F.3d 34, 114 (D.C. Cir. 2001) (en

banc) (per curiam); *In re Barry*, 946 F.2d 913, 914 (D.C. Cir. 1991) (appearance-of-partiality test

is objective one, depending upon whether "an informed observer would reasonably question the

judge's impartiality"); CODE OF CONDUCT FOR UNITED STATES JUDGES, Canon 2, cmt. 2A ("The

test for appearance of impropriety is whether the conduct would create in reasonable minds, with

knowledge of all the relevant circumstances that a reasonable inquiry would disclose, a

perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality,

and competence is impaired.").  "The alleged bias and prejudice to be disqualifying must stem

---

[3]     The Court concludes that none of the other bases for recusal, *see* 28 U.S.C.
§ 455(b)(2)-(5), is applicable.

from an extrajudicial source and result in an opinion on the merits on some basis other than what

the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S.

563, 583 (1966).

Although plaintiff suggests that this Court is predisposed to rule in defendant's favor in

the instant civil action, nothing in his motion suggests that this Court obtained information from

any source other than the records of the cases before it and relied on such information in its

rulings. A judge's legal decisions generally are not proper grounds for a claim of bias or

impartiality. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *Cotton v. Washington Metro.*

*Area Transit Auth.*, 264 F. Supp. 2d 39, 42 (D.D.C. 2003) (denying motion for recusal where

"claim of bias is predicated entirely upon the [magistrate judge's] rulings with respect to the

conduct of discovery in the instant action, and rulings regarding discovery and other issues in

three other actions filed by Plaintiffs' counsel"). Plaintiff's dissatisfaction with this Court's

rulings may be a proper basis for an appeal to the United States Court of Appeals for the District

of Columbia Circuit; it is not a proper basis for recusal. Nor are plaintiff's complaints of judicial

misconduct a proper basis for recusal. *See Anderson v. Bradford*, No. 89-2776 (LFO), 1990 WL

161916, at *2 (D.D.C. Oct. 11, 1990) (concluding that plaintiff's "mere filing of a civil action

against a judge does not indicate personal bias"). Accordingly, plaintiff's motion will be denied.

III.   CONCLUSION

The Court concludes that plaintiff's Privacy Act claims against Treasury are barred and that recusal is not warranted.  Accordingly, the Court grants defendant's motion to dismiss and denies plaintiff's motion to reassign this case to another district judge.  An Order consistent with this Memorandum Opinion is issued separately on this same date.


Signed:          EMMET G. SULLIVAN
                 United States District Judge

Dated:           October 22, 2007